UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 9:18-cv-81473-DMM

MARYANN MORRISON,

    Plaintiff,

vs.

CITY OF PALM BEACH GARDENS, et al.

    Defendants.

_____/

### DEFENDANT, CITY OF PALM BEACH GARDENS' MOTION TO DISMISS

Defendant, CITY OF PALM BEACH GARDENS, by and through its undersigned counsel, pursuant to Rule 12(b)(6), Fed.R.Civ.P, moves for the entry of an Order dismissing this action, and states in support, as follows:

*Introduction*

1. Taking the allegations as true for purposes of presenting this motion, Plaintiff essentially alleges that while in the midst of a medical crisis stemming from Crohn's Disease, she went in front of a line of women waiting for a restroom, and then soiled her white jeans upon reaching the toilet. *Complaint,* ¶¶*18, 23, 26.* Officer Hayashi of the Palm Beach Gardens Police Department, and two paramedics, according to Plaintiff, mistook her objective presentation of medical distress for severe intoxication, requiring medical transport, which claims she did not seek or require.

2. Plaintiff claims that when she refused to open the bathroom stall door, the officer and two medics improperly entered the public bathroom stall while she was exposed, and thus invaded

her privacy. *Complaint, ¶¶36, 37.* She nonetheless allowed the medics to check her vital signs, but when advised that she was going to be transported to the hospital for medical care and treatment, Plaintiff refused and expressed her desire to leave and return home on her own. *Complaint, ¶¶43-45.*

3.  In the process of receiving medical care, Plaintiff pushed a Fire Medic's hands, and was accordingly arrested. *Complaint, ¶¶43, 61, 63.*

4.  Based upon these allegations, Plaintiff brings forth this Complaint alleging both common law actions, and a single federal claim against the City as follows: (1) Count I - Battery; (2) Count II - Intrusion of Privacy; (3) Count III - Assault; (4) Count V - Negligence; and (5) Count X - Violation of the *Fourth Amendment* pursuant to 42 U.S.C. §1983 under Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[1]

### *Grounds for Dismissal*

5.  As a threshold matter, all of Plaintiff's common law claims (Counts I, II, III and V) must be dismissed for Plaintiff's failure to allege compliance with the notification requirements set forth in §768.28(6), *Florida Statutes*. Under the law, the failure to comply and specifically allege compliance within the pleadings renders the common law claims subject to dismissal.

6.  Plaintiff's tort claims are also improperly brought against the City since they hinge upon alleged misconduct for which the City retains immunity pursuant to §768.28(9), *Florida Statutes*. According to Plaintiff, courts have elevated the threshold for invasion of privacy actions to one which must meet the threshold of outrageous and extreme behavior consistent with a claim

---

[1] The City of Palm Beach Gardens is not named in Count IV, which is a *Fourth Amendment* claim against Officer Hayashi, individually. While the final count is labeled as "Count X," there are no counts within the Complaint numbered as VI, VII, VIII or IX, and thus Count X is actually the sixth cause of action framed.

for intentional infliction of emotional distress. Since governmental entities retain immunity for the malicious and outrageous torts of their employees, Plaintiff cannot properly bring this claim against the City.

7. Plaintiff's count for negligence is misplaced, and seeks to improperly convert an intentional tort claim (or claims) into one alleging the failure to use reasonable care. The allegations wholly fail to support any claim for negligence, and instead clearly assert that the City employees acted intentionally, rather than accidentally, with respect to the subject incident.

8. The Monell claim framed in Count X is pled in an entirely conclusory fashion, fails to contain any allegations of custom, policy or practice, and is of the type of Monell claim routinely dismissed in this jurisdiction.

9. Finally, Plaintiff improperly claims an entitlement to punitive damages and attorney's fees pursuant to 42 U.S.C. §1988. Punitive damages are not recoverable against governmental entities on either the state or federal claims, and Morrison may not seek attorney's fees under 42 U.S.C. 1988 as she has appeared *pro se*, rather than through a licensed attorney.

Wherefore, Defendant, City of Palm Beach Gardens, moves to dismiss.[2]

---

[2] The City acknowledges a memorandum with ADA references attached to the Complaint; however, no such ADA claims are framed in any count, within the actual pleading, and thus no response should be required to the memorandum portion.

## MEMORANDUM OF LAW

**A.   ALL COMMON LAW CLAIMS SHOULD BE DISMISSED DUE TO PLAINTIFF'S FAILURE TO ALLEGE COMPLIANCE WITH §768.28(6), *FLORIDA STATUTES*.**

Pursuant to §768.28(6), *Florida Statutes*, one may not institute an action against a governmental entity in Florida unless that claimant first presents the claim in writing to the municipality. Since this subsection is part of the waiver of sovereign immunity, it must be strictly construed. Levine v. Dade County School Bd., 442 So.2d 210, 212 (Fla. 1983). Importantly, the Florida Supreme Court held in Levine that "not only must the notice be given before a suit is maintained, but also the complaint must contain an allegation of such notice." Id. (citing, Commercial Carrier Corp. v. Indian River County, 371 So.2d 1010 (Fla. 1979)).

Federal district courts presiding over Florida common law claims follow the requirements set forth in Levine. Fletcher v. City of Miami, 567 F.Supp.2d 1389, 1393 (S.D. Fla. 2008); Diversified Numismatics, Inc. v. City of Orlando, 783 F.supp. 1337, 1347 (M.D. Fla. 1990). Thus, if a complaint is brought without first providing statutory notice, or alleging that statutory notice was given, it must be dismissed. McCreary v. Brevard County, 2010 WL 298395, Case No. 6:09-cv-1394-Orl-19DAB (M.D. Fla. January 20, 2010)(dismissing wrongful death count where the Complaint did not reference compliance with §768.28(6)). Based upon the lack of sufficient allegations here, Plaintiff's common law claims must be dismissed.

**B.   THE CITY RETAINS SOVEREIGN IMMUNITY FOR THE CLAIM SOUNDING IN INTRUSION OF PRIVACY AND ASSAULT.**

In paragraph 99 of the Complaint, Plaintiff analogizes a claim for "intrusion of privacy" to one for intentional infliction of emotional distress. She states that "to support a claim for intrusion,

the underlying conduct must be 'so outrageous in character,' and 'so extreme in danger,' as to 'go beyond all possible bounds of decency.'" Plaintiff's statement indeed finds support in Florida law. In Neeley v. Wells Fargo Financial, Inc., 2012 WL 5949106 (M.D. Fla. 2012), Middle District Judge Covington, citing to Stoddard v. Wohlfahrt, 573 So.2d 1060 (Fla. 5th DCA 1991), noted that invasion (or as Plaintiff calls, them "intrusion") of privacy claims require a showing of extreme and outrageous character.

Given the high threshold imposed to establish liability for this tort, Plaintiff may not properly seek relief against the City of Palm Beach Gardens. The reason is that pursuant to §768.28(9)(a), *Florida Statutes*, governmental entities are not liable, and remain immune from any tort, whereby its employees engaged in conduct deemed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights or safety. An example would be a claim for malicious prosecution since malice is an element of the offense. See, City of Coconut Creek v. Fowler, 474 So.2d 820 (Fla. 4th DCA 1985). Federal courts, including the Eleventh Circuit, have also excluded the tort of intentional infliction of emotional distress from those claims which may be sought against governmental entities because they require a showing of outrageous and extreme behavior by the tortfeasor. See, e.g., Casado v. Miami-Dade County, 2018 WL 5263935, Case No. 18-22491-Civ-Sullivan (S.D. Fla, October 13, 2018)(holding that intentional infliction of emotional distress claims are against governmental entities are barred by §768.28(9)(a)); Weiland v. Palm Beach County Sheriff's Office, 792 F.3d 1313, 1330 (11th Cir. 2015)(same). Just as in Casado and Weiland, the necessity to prove extreme and outrageous behavior precludes the analogous invasion of privacy claims, such as it set forth here.

Moreover, since Plaintiff has reincorporated her allegations of outrageous, extreme behavior, exceeding all bounds of decency within Count III for assault, that count must be dismissed for the same reason.  See, ¶107, incorporating ¶¶98 through 106.

### C. COUNT V FOR NEGLIGENCE IS MISPLACED SINCE NO COMMON LAW DUTY IS INVOKED AND PLAINTIFF ACTUALLY SEEKS RELIEF FOR INTENTIONAL TORTS.

Reading the Complaint as a whole, Plaintiff does not claim or refer to any conduct which was accidental or falling below the standard of care.  Instead, quite clearly, she contends that employees of the City of Palm Beach Gardens unlawfully restrained her against her will, invaded her privacy and battered her.  She even goes so far as to bring a *Fourth Amendment* claim against Officer Hayashi, which would necessarily hinge upon him intentionally violating clearly established constitutional rights.  See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)(explaining heightened requirements to overcome an officer's presumptive entitlement to qualified immunity).

Given the allegations, Plaintiff's count for negligence is misplaced since her claimed torts are *intentional torts*.  Plaintiff cannot downgrade her burden of proof by labeling a battery, false arrest or intentional invasion of privacy as merely negligent when no alleged facts, when taken as true, support that notion.  Such impropriety has been the subject of numerous opinions such as, for instance, City of Miami v. Sanders, 672 So.2d 46 (Fla. 3d DCA 1996).  In that case, the plaintiff sued the City of Miami for negligence arising out of the use of excessive force.  The court aptly noted that battery is an intentional tort, requiring intentional affirmative conduct, and cannot be premised upon the failure to use due care.  See also, Garcia v. Carnival Corp., 838 F.Supp.2d 1334 (S.D. Fla. 2012)(granting motion to dismiss and holding that it is not possible to negligently commit an intentional tort).  Here, Plaintiff's allegations within the negligence count (Complaint, p.19) are like

6

those prohibited in Garcia in that they allege that the core negligence hinges upon the improper use of excessive force. Also, since the Complaint contains numerous counts of intentional tort, and the factual allegations if accepted as true would only support intentional torts, Count V for Negligence must be dismissed.

**D.   THE MONELL CLAIM IS ENTIRELY CONCLUSORY AND FAILS TO ALLEGE ANY FACTS WHICH WOULD SUPPORT THE EXISTENCE OF AN UNCONSTITUTIONAL CUSTOM AND POLICY BY THE CITY.**

To state a claim against a municipality for a violation of the constitution, Plaintiff must allege a constitutional deprivation by the governmental entity by demonstrating a policy or custom which was the moving force behind the alleged deprivation. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Gonzalez v. Reno, 325 F.3d 1228, 1234 (11th Cir. 2003); Wayne v. Jarvis, 197 F. 3d 1098, 1107 (11th Cir. 1999), cert. den. 120 S.Ct. 1974 (2000) (citing Board of County Commissioners v. Brown, 520 U.S. 397 (1997)).

The Eleventh Circuit has clearly held that a complaint which actually did contain allegations regarding a governmental policy and practice failed to state a claim because it did not contain any *facts* supporting this assertion. Cannon v. Macon County, 1 F. 3d 1558 (11th Cir 1993) (subsequent history omitted); see also, Casado, 2018 WL 5263935, Case No. 18-22491 at **3-4 (holding that complaint must contain actual factual detail to support the existence of a custom and policy, and not just state that one exists). Moreover, a plaintiff also must establish that whatever custom or policy is alleged was the moving force behind the constitutional deprivation. Polk County v. Dodson, 454 U.S. 312 (1981); Geidel v. City of Bradenton Beach, 56 F.Supp.2d 1359, 1363 (M.D. Fla. 1999); Cox v. McRaley, 993

F.Supp. 1452, 1455 (M.D. Fla. 1998) ("nondescript, conclusory reference to an abstract custom or policy" is insufficient to state a section 1983 claim).

From these decisional authorities, the Eleventh Circuit recognizes that a Plaintiff must plead the following in order to state a cause of action under section 1983 against a governmental entity: (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to a constitutional right; and (3) the policy caused the violation of a constitutional right. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). An "official policy" can be established in one of two ways: (1) identifying an officially promulgated policy; or (2) identifying an unofficial custom or practice, usually through the repeated acts of the final policymaker of the entity. Grech v. Clayton County, 335 F.3d 1326, 1329-30 (11th Cir. 3003). In the Complaint at bar, Plaintiff alleges buzzwords and conclusions, but not facts to support the existence of any official custom or policy which motivated the purported unconstitutional conduct at issue. Rather, in a state with a liberal public records law allowing access to any and all records regarding prior police incidents, Plaintiff sets forth no factual detail. Plaintiff does not refer to any past instances wherein the City permitted or condoned excessive force, failed to discipline for excessive force, or maintained customs or policies of deliberate indifference with respect to any misconduct similar to the type alleged. See, e.g., Smith v. City of Ft. Pierce, 2018 WL 5787269, Case No. 18-cv-14147 (S.D. Fla., November 5, 2018)(Rosenberg, J.)(dismissing Monell claim where plaintiff did not include factual allegations of any prior incidents); Cf.

Smith v. Owens, 625 Fed. Appx. 924, 927-28 (11th Cir. 2015)(affirming dismissal of claim where the complaint failed to allege any facts underpinning custom and policy allegations); Barr v. Gee, 437 Fed. Appx. 865, 874-75 (11th Cir. 2011)(affirming dismissal of Monell claim when the plaintiff "offered no factual allegations to support a plausible inference that such a custom existed"); Vila v. Miami-Dade County, 65 F.Supp.3d 1371, 1378-80 (S.D. Fla. 2014)(dismissing with prejudice claims when the plaintiff's custom and policy allegations were stated almost entirely as legal conclusions, lacking supporting facts); Willis v. City of Coral Springs, Case No. 16-60595 (S.D. Fla. July 13, 2016)(D.E. 23), (requiring factual allegations to support Monell claim particularly in light of Florida's liberal public records law allowing investigations into past incidents).

In this Complaint, Count X, like the pleadings referred to the in the above cited authorities, states nothing more than legal conclusions of the pleader, without a shred of supporting factual detail. Plaintiff should thus suffer the same fate as the other inadequate pleaders, and have her federal claim against the City dismissed.

### E.   PLAINTIFF HAS NO ENTITLEMENT TO PUNITIVE DAMAGES OR ATTORNEY'S FEES FROM THE CITY.

Finally, in counts alleged against the City, Plaintiff has alleged an entitlement to punitive damages and attorney's fees. See, Complaint, ¶¶119, Count V, p.21. Under state and federal law, governmental entities are not liable for punitive damages. See, §768.28(5), *Florida Statutes*; Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Plaintiff is also not entitled to attorney's fees as a *pro se* litigant. Celeste v.

Sullivan, 988 F.2d 1069 (11th Cir. 1992).  Such claims should be dismissed along with all counts, as set forth above.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of December, 2018, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

> JOHNSON, ANSELMO, MURDOCH,
>  BURKE, PIPER & HOCHMAN, P.A.
> **Attorneys for Defendants**
> 2455 East Sunrise Boulevard, Suite 1000
> Fort Lauderdale, FL 33304
> 954/463-0100 Telephone
> 954/463-2444 Facsimile
> johnson@jambg.com / young@jambg.com
> alexander@jambg.com / blanca@jambg.com
>
>
> BY: */s/Scott D. Alexander*
>     E. BRUCE JOHNSON
>     FLA. BAR NO. 262137
>     SCOTT D. ALEXANDER
>     FLA. BAR NO. 057207

## SERVICE LIST

MARYANN MORRISON
**Pro Se Plaintiff**
2805 Veronia Drive
Unite 107
Palm Beach Gardens, FL 33410

**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com / young@jambg.com
stearns@jambg.com / blouin@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)