UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 9:18-cv-81473-DMM

MARYANN MORRISON,

    Plaintiff,

vs.

CITY OF PALM BEACH GARDENS, et al.

    Defendants.

_____/

**DEFENDANT, CITY OF PALM BEACH GARDENS'
MOTION FOR SUMMARY JUDGMENT**

Defendant, CITY OF PALM BEACH GARDENS,[1] by and through its undersigned counsel, pursuant to Rule 56, Fed.R.Civ.P., moves for the entry of summary judgment, and in support, states as follows:[2]

1. Plaintiff, Maryann Morrison, filed suit against the City of Palm Beach Gardens alleging tortious conduct (battery, assault, invasion of privacy, negligence) by employees of the City, and that her constitutional rights were violated when she was subjected to excessive force. According to Plaintiff, she was forcibly removed from a bathroom at a local nightclub while in the

---

[1] Although Plaintiff named several individual defendants in her initial Complaint, only the City of Palm Beach Gardens has been served with the Summons and Complaint, and thus this motion is filed on behalf of the City only at this time.

[2] As of the instant filing, Plaintiff has not amended her pleading in a timely fashion as directed in the Order Granting Motion to Dismiss, D.E. 32. The instant motion is submitted in order to comply with the dispositive motion deadline previously set by the Court, and filed despite the lack of a pending operative pleading. This Court is certainly well within its discretion to dismiss this lawsuit instead of address the merits of the issues as set forth herein.

midst of a medical episode for which she asserts did not require urgent treatment.

    2.    Based upon the record evidence, summarized and set forth in the accompanying Concise Statement of Material Facts, Defendant, City, is entitled to judgment as a matter of law for the following reasons:

    a.    Plaintiff's common law claims are barred because Plaintiff failed to timely present a written notice of her claims. Plaintiff, who resides in close proximity to City Hall, inexplicably had a relative residing in Sebastian, FL mail a notice letter on the 365th day of the third year following the subject incident. As a consequence, the City did not receive notice within three (3) years of the occurrence, as required.

    b.    Alternatively, and in addition to the procedural bar, Plaintiff's count for negligence is misplaced, and seeks to improperly convert an intentional tort claim (or claims) into one alleging the failure to use reasonable care. The allegations wholly fail to support any claim for negligence, and instead clearly assert that the City employees acted intentionally, rather than accidentally, with respect to the subject incident.

    c.    Plaintiff's tort claims are also improperly brought against the City since they hinge upon alleged misconduct for which the City retains immunity pursuant to §768.28(9), *Florida Statutes*. According to Plaintiff, courts have elevated the threshold for invasion of privacy actions to one which must meet the threshold of outrageous and extreme behavior consistent with a claim for intentional infliction of emotional distress. Since governmental entities retain immunity for the malicious and outrageous torts of their employees, Plaintiff cannot properly bring this claim against the City.

      d.      Plaintiff's battery claim, under the common law fails, because she was not subjected to clearly excessive force by any officer of the City.  Instead, Plaintiff was merely handcuffed to a gurney.  In the absence of the use of excessive force, damages stemming from the use of reasonable force in conjunction with an unlawful arrest is subsumed within the false arrest claim.  Since Plaintiff's arrest was based upon probable cause, however, there is no viable claim challenging the arrest or typical force in conjunction with the arrest.

      e.      Finally, as to the federal claims, Defendant is entitled to summary judgment because Plaintiff was not subjected to a *Fourth Amendment* violation where the use of force was *de minimis* as a matter of law, and her arrest based upon probable cause.  Moreover, even if Plaintiff could show a constitutional violation, no evidence exists that any officer or medical employee violated her rights pursuant to an official custom and policy of the City.

WHEREFORE, Defendant, CITY OF PALM BEACH GARDENS, moves for the entry of summary judgment.

## MEMORANDUM OF LAW

**A.    PLAINTIFF DID NOT PROVIDE STATUTORY NOTICE TO THE CITY WITHIN THREE YEARS.**

Pursuant to §768.28(6), *Florida Statutes*, a prospective plaintiff must first give written and timely notice to the agency of intent to bring a claim.  Since the waiver of sovereign immunity is in derogation of common law, Florida courts strictly construe the notice requirement. *Smith v. Rainey*, 747 F.Supp.2d 1327, 1338 (M.D. Fla. 2010); *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So.2d 362 (Fla. 1977); *Hamide v. Dep't of Corrections*, 584 So.2d 136, 137 (Fla. 1st DCA 1997)(statute leaves little room for "substantial compliance" and instead requires aggrieved party

to present timely notice); *Levine v. Dade County School Bd.*, 442 So.2d 210, 213 (Fla. 1983)(if notice is not provided to the entity within 3 years, the court must dismiss the case with prejudice).

Here, although Morrison resides in Palm Beach Gardens in close proximity to City Hall, she elected to have a relative in Sebastian, FL deposit the notice into the U.S. Mail on the 365th day of the third year following the subject occurrence. This decision is fatal to her claims since it is undisputed that no notice was delivered to the City until November 2, 2017, more than three (3) years after the occurrence. *Statement of Facts, ¶14.* Under the plain meaning of the statute, and construing it strictly, Plaintiff was required to "present" the notice to the City within 3 years. Depositing a notice in the U.S. Mail on the day it is **due to be received** is not in keeping with the statutory requirements, and Plaintiff's common law claims all fail as a result.

> B. **PLAINTIFF'S ALLEGATIONS FAIL TO ENCOMPASS ANY NEGLIGENT ACTION OR INACTION BY EMPLOYEES OF THE CITY.**

With respect to the subject occurrence, Plaintiff does not claim or refer to any conduct which was accidental or falling below the standard of care. Instead, quite clearly, she contends that employees of the City of Palm Beach Gardens unlawfully restrained her against her will, invaded her privacy and battered her. She even goes so far as to bring a *Fourth Amendment* claim against Officer Hayashi, which would necessarily hinge upon him intentionally violating clearly established constitutional rights. *See, e.g., Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)(explaining heightened requirements to overcome an officer's presumptive entitlement to qualified immunity).

Given the allegations, Plaintiff's count for negligence is misplaced since her claimed torts are *intentional torts.* Plaintiff cannot downgrade her burden of proof by labeling a battery, false arrest or intentional invasion of privacy as merely negligent when no alleged facts, when taken as

4

true, support that notion. Such impropriety has been the subject of numerous opinions such as, for instance, *City of Miami v. Sanders*, 672 So.2d 46 (Fla. 3d DCA 1996). In that case, the plaintiff sued the City of Miami for negligence arising out of the use of excessive force. The court aptly noted that battery is an intentional tort, requiring intentional affirmative conduct, and cannot be premised upon the failure to use due care. *See also, Garcia v. Carnival Corp.*, 838 F.Supp.2d 1334 (S.D. Fla. 2012)(granting motion to dismiss and holding that it is not possible to negligently commit an intentional tort). Here, Plaintiff's assertions are like those prohibited in *Garcia* in that they allege that the core negligence hinges upon the improper use of excessive force. Thus, Defendant is entitled to summary judgment on the claims for negligence.

    **C.**    **THE CITY RETAINS SOVEREIGN IMMUNITY FOR THE CLAIM SOUNDING IN INTRUSION OF PRIVACY AND ASSAULT.**

Within her dismissed pleading, Plaintiff analogizes a claim for "intrusion of privacy" to one for intentional infliction of emotional distress. She states that "to support a claim for intrusion, the underlying conduct must be 'so outrageous in character,' and 'so extreme in danger,' as to 'go beyond all possible bounds of decency.'" Plaintiff's statement indeed finds support in Florida law. In *Neeley v. Wells Fargo Financial, Inc.*, 2012 WL 5949106 (M.D. Fla. 2012), Middle District Judge Covington, citing to *Stoddard v. Wohlfahrt*, 573 So.2d 1060 (Fla. 5th DCA 1991), noted that invasion (or as Plaintiff calls, them "intrusion") of privacy claims require a showing of extreme and outrageous character.

Given the high threshold imposed to establish liability for this tort, Plaintiff may not properly seek relief against the City of Palm Beach Gardens. The reason is that pursuant to §768.28(9)(a), *Florida Statutes*, governmental entities are not liable, and remain immune from any tort, whereby

its employees engaged in conduct deemed in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights or safety. An example would be a claim for malicious prosecution since malice is an element of the offense. *See, City of Coconut Creek v. Fowler*, 474 So.2d 820 (Fla. 4th DCA 1985). Federal courts, including the Eleventh Circuit, have also excluded the tort of intentional infliction of emotional distress from those claims which may be sought against governmental entities because they require a showing of outrageous and extreme behavior by the tortfeasor. *See, e.g., Casado v. Miami-Dade County*, 2018 WL 5263935, Case No. 18-22491-Civ-Sullivan (S.D. Fla, October 13, 2018)(holding that intentional infliction of emotional distress claims are against governmental entities are barred by §768.28(9)(a)); *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1330 (11th Cir. 2015)(same). Just as in *Casado* and *Weiland*, the necessity to prove extreme and outrageous behavior precludes the analogous invasion of privacy claims, such as it set forth here.

> **D. OFFICER HAYASHI'S ACTIONS IN HANDCUFFING PLAINTIFF TO A GURNEY ARE NOT CLEARLY EXCESSIVE AS A MATTER OF LAW.**

Pursuant to the Declaration of Tasuaki Hayashi filed herewith, the only force he utilized against Morrison consisted of handcuffing her to a gurney. Morrison could not testify that any other force was utilized besides as described by Officer Hayashi.

Under Florida law, a law enforcement officer does not commit the torts of assault and/or battery unless their use of force was "clearly excessive." *City of Miami v. Sanders*, 672 So.2d at 47. Where, as here, the force alleged to have been utilized was minimal, and cannot possibly be deemed "clearly excessive," the use of force claim is subsumed in the illegal stop or arrest claim, and does not constitute a discrete claim. *Jackson v. Sauls*, 206 F.3d 1156, 1171 (11th Cir. 2000). Given that

6

no discrete force claim exists on this record, the only way to find that there existed a battery through minimal force is through showing that the officer caused an illegal detention/arrest, and then the touching would be an element of those damages. Here, Plaintiff cannot make a showing since Officer Hayashi reasonably handcuffed Plaintiff to a gurney, and Officer Christopher Baez possessed *ample probable cause* to arrest Plaintiff based upon a criminal complaint from Paramedic Steryou.

The existence of probable precludes a showing that the arrest or detention was not lawful. *Rankin v. Evans*, 133 F. 3d 1425, 1435 (11th Cir. 1998). Probable cause exists if the facts and circumstances are sufficient to warrant a prudent man in believing that the suspect has committed or was committing an offense. *Id.; Storck v. City of Coral Springs,* 354 F.3d 1307, 1315 (11th Cir. 2003). The Eleventh Circuit has noted that in determining whether probable cause exists, "we,. deal with probabilities . . . [which] are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Rankin v. Evans*, 133 F. 3d at 1435; *Durruthy v. Pastor*, 351 F.3d 1080 (11th Cir. 2003).

Probable cause is "judged not with clinical detachment but with a common sense view to the realities of normal life." Id. at 1436; *see also, Lemus v. State*, 158 So.2d 143 (Fla. 2d DCA 1963) (an officer need not eliminate all possible defenses in order to make a valid arrest because facts constituting probable cause need not meet the standard of conclusiveness needed to convict). "Although probable cause requires more than suspicion, it does not require convincing proof, and not need reach the same standard of conclusiveness and probability as the facts necessary to support a conviction." *Lee v. Ferraro*, 284 F.3d 1188, 1195 (11th Cir. 2002).

Courts have recognized that it is not uncommon for an officer to arrest a suspect for a crime based upon the report of a victim or witness. Under these circumstances, it is the law of both the

Eleventh Circuit and Florida that officers are entitled to rely upon another's criminal complaint to support probable cause. *Rankin*, 133 F.3d at 1441 *(citing Singer v. Fulton County Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995), *cert. denied*, 517 U.S. 1189 (1996)); *Marx v. Gumbinner*, 905 F.2d 1503, 1506 (11th Cir. 1990). In *Rankin* and *Marx*, the Eleventh Circuit held that the statements of child victims, as young as three and four years old, could be utilized to support probable cause. In the cases of adult victims and eyewitnesses, officers are entitled to rely upon statements unless the officer knew or should have known that it was unreliable or untrustworthy. *See, e.g., Ahlers v. Scheibl*, 188 F.3d 365, 370 (6th Cir. 1999) (officer is entitled to rely upon an eyewitness to establish probable cause unless there is an apparent reason for the officer to believe the witness was lying); *Clay v. Conlee*, 815 F.2d 1164 (officer may rely upon a victim's statement absent some indication that it is not reasonably trustworthy or reliable); *Mills v. Town of Davie*, 48 F.Supp.2d 1378 (S.D. Fla. 1999) (Moore, J.) (officers are not required to conduct a mini-trial before making an arrest). Again, without distinction, Florida courts are in accord. *Weissman v. K-Mart Corp.*, 396 So.2d 1164, 1167 (Fla. 3d DCA 1971) ("first hand knowledge by an officer is not required; the receipt of information from someone who it seems reasonable to believe is telling the truth is adequate."); *Russell v. State*, 266 So.2d 92 (Fla. 3d DCA), *cert. denied*, 271 So.2d 140 (Fla. 1972) (officer need not actually see law being violated nor must he satisfy himself beyond question that a crime has been committed); *Daniel v. Village of Royal Palm Beach*, 889 So.2d 988 (Fla. 4th DCA 2004) (probable cause is not vitiated merely because the suspect denies the crime and provides a different version of events from one or more witnesses).

Here, while Hayashi and the arresting officer Baez, did not see Plaintiff strike Paramedic Steryou, it was nonetheless reasonable for them to believe that Morrison had committed acts of

8

violence based upon Steryou's seemingly credible report that she had done so. Moreover, Officer Baez, the arresting officer, had ample probable cause to arrest Plaintiff for the same reason since Steryou signed a statement indicating a desire to prosecute, in addition to Baez receiving information from Officer Hayashi. *Id.* at 991 (under "fellow officer rule," one officer's knowledge or observations may be imputed to another).

   E. **SINCE THERE WAS NO UNDERLYING CONSTITUTIONAL VIOLATION BY THE CITY EMPLOYEES, IT CANNNOT BE LIABLE UNDER *MONELL*.**

Since there was no underlying Constitutional violation by any officers employed by the City of Palm Beach Gardens, the City cannot be liable under 42 U.S.C. §1983 pursuant to *Monell* or state law. *City of Los Angeles v. Heller*, 475 U.S. 796 (1986)(per curiam). *See also Wyke v. Polk County School Bd.*, 129 F.3d 560 (11th Cir. 1997); *Rooney v. Watson*, 101 F.3d 1378 (11th Cir. 1996), cert. denied, 118 S.Ct. 412 (1997).

In her since dismissed count against Officer Hayashi (an individual defendant who has never been served or appeared in this action), Plaintiff predicated her *Fourth Amendment* violation upon the use of excessive force. The record conclusively shows, however, that the only force utilized by Hayashi was handcuffing Plaintiff to a gurney, and nothing more.

The Eleventh Circuit and this court have recognized that *de minimis* force it not actionable under the Fourth Amendment. *Sullivan v. City of Pembroke Pines*, 161 Fed. Appx. 906, 910 (11th Cir. 2006); *Nolin v. Isbell*, 207 F.3d 1253, 1255 (11th Cir. 2000)*; Woods v. City of Plantation*, 2008 U.S. Dist. LEXIS 21572, Case No. 04-60025-CIV (S.D. Fla. 2008)(Zloch, J.)([w]hen an Officer uses so-called '*de minimis force'* the Courts find that the person's rights have not been violated."). In *Nolin*, the court found that the officer's actions in grabbing the plaintiff from behind by the shoulder

and wrist, throwing him against a van, placing a knee in the back and pushing the head into the side of the van, while uncomfortably searching the groin area is not actionable. Id. at 255. Similarly, in *Jones v. City of Dothan*, 121 F.3d 1456, 1460 (11th Cir. 1997), the Eleventh Circuit afforded qualified immunity to officers that slammed plaintiff against a wall, kicked his legs apart, and required him to put his arms above his head. *See also Woods*, 2008 U.S. Dist. LEXIS 21572 at *26 *(citing, Carr v. Deeds*, 453 F.3d 593, 605-06 (4th Cir. 2006))("a plaintiff must also demonstrate that the injuries were 'more than de minimis' or that the force used is of a sort repugnant to the conscience of mankind or the pain itself is such that it can be said to constitute more than de minimis injury")(quotation omitted). Since Officer Hayashi utilized, at most, *de minimis* force, there is no underlying constitutional violation based upon use of force.

While Plaintiff has not asserted a *Fourth Amendment* claim based upon arrest without probable cause, even if she did, such claim would fail due to the existence of probable cause as set forth above in Section D above.

**F.     NO SHOWING HAS BEEN MADE OF AN UNCONSTITUTIONAL CUSTOM OR POLICY.**

To state a claim against a municipality for a violation of the constitution, Plaintiff must plead and prove a constitutional deprivation by the governmental entity by demonstrating a policy or custom which was the moving force behind the alleged deprivation. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir. 2003); *Wayne v. Jarvis*, 197 F. 3d 1098, 1107 (11th Cir. 1999), cert. den. 120 S.Ct. 1974 (2000) (*citing Board of County Commissioners v. Brown*, 520 U.S. 397 (1997)); *Cox v. McRaley*, 993 F.Supp. 1452, 1455 (M.D. Fla. 1998) ("nondescript, conclusory reference to an

abstract custom or policy" is insufficient to state a section 1983 claim).

From these decisional authorities, the Eleventh Circuit recognizes that a Plaintiff must show the following in order to state a cause of action under section 1983 against a governmental entity: (1) his constitutional rights were violated; (2) the municipality had a custom or policy that constituted deliberate indifference to a constitutional right; and (3) the policy caused the violation of a constitutional right. *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). An "official policy" can be established in one of two ways: (1) identifying an officially promulgated policy; or (2) identifying an unofficial custom or practice, usually through the repeated acts of the final policymaker of the entity. *Grech v. Clayton County*, 335 F.3d 1326, 1329-30 (11th Cir. 3003). In the dismissed Complaint, Plaintiff alleged buzzwords and conclusions, but not facts to support the existence of any official custom or policy which motivated the purported unconstitutional conduct at issue. Rather, in a state with a liberal public records law allowing access to any and all records regarding prior police incidents, Plaintiff set forth no factual detail. Plaintiff did not refer to any past instances wherein the City permitted or condoned excessive force, failed to discipline for excessive force, or maintained customs or policies of deliberate indifference with respect to any misconduct similar to the type alleged. *See, e.g., Smith v. City of Ft. Pierce*, 2018 WL 5787269, Case No. 18-cv-14147 (S.D. Fla., November 5, 2018)(Rosenberg, J.)(dismissing *Monell* claim where plaintiff did not include factual allegations of any prior incidents); *Cf. Smith v. Owens*, 625 Fed. Appx. 924, 927-28 (11th Cir. 2015)(affirming dismissal of claim where the complaint failed to allege any facts underpinning custom and policy allegations).

In addition to the lack of any showing in this record of a custom or policy to falsely arrest or utilize excessive force, the record amply demonstrates that the City enacted a policy on involuntary

transports of intoxicated individuals. *Statement of Facts, ¶10.* While the City maintains that Fire Medic Steryou and EMT Suiter adhered to the policy, even if they did not, their actions did not violate the U.S. Constitution, as an initial matter, and moreover were not the result of an unconstitutional policy of the City.

Based upon the foregoing, the City of Palm Beach Gardens is entitled to summary judgment.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of June, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH,
 BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendants**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
johnson@jambg.com / young@jambg.com
alexander@jambg.com / blanca@jambg.com


 /s/Scott D. Alexander
E.  BRUCE JOHNSON
FLA. BAR NO. 262137
SCOTT D. ALEXANDER
FLA. BAR NO. 057207

## SERVICE LIST

MARYANN MORRISON
**Pro Se Plaintiff**
2805 Veronia Drive, Unite 107
Palm Beach Gardens, FL 33410
Tel: 561-542-4356
mishue1248@gmail.com

**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com / young@jambg.com
alexander@jambg.com/ blanca@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)