1UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 9:18-cv-81473-DMM

MARYANN MORRISON,

    Plaintiff,

vs.

CITY OF PALM BEACH GARDENS, et al.

    Defendants.

_____/

### DEFENDANT, CITY OF PALM BEACH GARDENS' CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, CITY OF PALM BEACH GARDENS, by and through its undersigned counsel, pursuant to Local Rule 56.1, S.D.Fla.L.R., files its Concise Statement of Material Facts in support of its Motion for Summary Judgment, as follows:

1. On October 31, 2014, Plaintiff, Maryann Morrison, attended a dinner with three of her brothers and a sister. She had one or more alcoholic beverages at dinner. *Morrison Depo., pp. 42-44.*

2. After dinner, Morrison joined her three brothers for a night of drinking and dancing at a bar called The Dirty Martini, located within the Downtown at the Gardens shopping/entertainment district of Palm Beach Gardens. *Id., pp. 47-49, 86-87.* Plaintiff testified in her deposition that she consumed 1.5 "straight-up martinis" at the Dirty Martini; however, since this conflicts with her prior sworn interrogatories concerning alcohol consumption, it must be rejected.[1]

---

[1]     *See, e.g., Van T. Junkins and Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir.1984)(court should reject efforts to create an issue of fact which contradict clear prior sworn

*Compare Morrison Depo., p.57 with Appendix Tab 1.*  Per the sworn discovery responses, Plaintiff had consumed two full martinis at the Dirty Martini (in addition to what she drank earlier at dinner) and was on her third at the time she encounter City personnel.

3. Morrison has struggled with Crohn's Disease (chronic inflammatory disease of the digestive tract) since age 19. *Morrison Depo., p.12.*  Not long before the subject incident, she had experienced a flare-up of the Crohn's and was prescribed Prednisone (an oral steroid). As a consequence of this recent medical flare-up, prescription medication and alcohol consumption, Plaintiff became unbearably uncomfortable at the Dirty Martini and urgently had to move her bowels. *Morrison Depo, pp. 19, 59, 67-69.*

4. On this evening, Palm Beach Gardens Officer Tatsuaki Hayashi was working an off duty detail at the Downtown at the Gardens complex. *Hayashi Dec., ¶3, attached to the Appendix as Tab 2.*  Officer Hayashi was summoned by security concerning a woman who appeared to be intoxicated. *Id.*  This intoxicated woman later became known to him as the Plaintiff, Morrison. *Id.*

5. At 11:49 p.m., Hayashi made his first contact with Morrison. *Hayashi Dec., ¶6.*  As with the security personnel that summoned him, Hayashi found Plaintiff to be intoxicated. She appeared to be disoriented, spoke with slurred speech, and had a fresh injury to her face. After a brief encounter, Morrison requested to use the restroom, which Hayashi permitted. *Hayashi Dec., ¶5.*

6. Due to Morrison spending an inordinate amount time in the restroom, Hayashi became concerned for her well-being. He, accordingly, called for Palm Beach Gardens Fire/Rescue. *Id.*  The reason for summoning Fire/Rescue was solely for medical reasons, as Hayashi did not

---

testimony).

suspect Morrison of being involved in any type of criminal activity. *Id.* Indeed, he did not ask any police officers to respond, but instead only requested medical. *Id.*

7. At 12:09 a.m., Fire/Rescue was dispatched to Downtown at the Gardens in order to assess Morrison. *Hayashi Dec., ¶6.* The rescue crew arrived at 12:16 a.m. and proceeded to the restroom, where Morrison had been for approximately 25 minutes. *Id.; Steryou Dec., ¶4.* Once inside, Morrison refused to exit from the stall even though the rescue crew announced themselves and advised that they were there to render care. *Suiter Dec., ¶5, attached to the Appendix at Tab 3; Steryou Dec., ¶5, attached to the Appendix at Tab 4.*

8. Again, at this time, Morrison was not suspected of any criminal activity, whatsoever, and the medical staff was simply concerned for her well-being. *Id.* When the medical staff could not have Morrison come out of the stall to be medically assessed, Fire Medic Steryou unlatched the door in order to gain access to her. Morrison, at this juncture, became a medical patient of the first responders. *Suiter Dec., ¶6; Steryou Dec., ¶¶5-6.*

9. EMT Suiter's initial impression of Morrison was that she was in apparent distress, bleeding with a visible laceration to her eyebrow, and with blood and feces on her pants. *Steryou Dec., ¶¶5-6; Suiter Dec., ¶¶6-7.* Morrison clearly appeared as someone that was in need of prompt medical attention. *Id.* Indeed, EMT Suiter and Fire Medic Steryou had encountered numerous patients with Crohn's before, but never one that presented anything like Morrison. The presence of blood and feces on clothing is not an expected presentation of a Crohn's patient, but instead of an intoxicated and incoherent individual. *Suiter Dec., ¶¶7,11; Steryou Dec., ¶5.* Morrison acknowledged to the medical staff that she had three drinks, but her responses to their questions were otherwise not consistent with her appearance, and in particular her statement that she did not have

3

any trauma, illness or injury. *Id.*

      10.     Although state law and departmental policy typically permit patients of emergency medical providers the right to refuse treatment and transport, an exception exists when the medical staff does not believe the patient appears to be clinically sober. *See*, *Palm Beach Gardens Fire Rescue Policy 540, attached as Exhibit A to Appendix Tab 3 (Suiter Declaration)*. Clinically sober means clear speech and no difficulty with balance or coordination. *Suiter Dec., ¶8; Steryou Dec., ¶7*. Given Morrison's clinical presentation at the time, which was: (1) she was at a bar; (2) security had summoned police due to her apparent intoxication; (3) she also appeared intoxicated to police (Officer Hayashi); (4) she also appeared intoxicated to trained medical providers (Suiter and Steryou); (5) she was bleeding, but denying injury; (6) she had blood on her pants; (7) she had fecal matter on her pants; and (8) because she admitted to having several drinks, Steryou and Suiter elected to render treatment and transport. *Suiter Dec., ¶¶8, 11; Steryou Dec., ¶7.*

      11.     Morrison was initially compliant, went on to the gurney, and permitted the medical personnel to assess her vital signs. *Steryou Dec., ¶7*. After she was informed that she was going to be transported to the hospital, Morrison became unruly. Her volatile behavior then intensified when an individual (who said he was her brother) sought to interfere with the medical team. *Suiter Dec., ¶9, Steryou Dec., ¶8*. After the brother was forcibly removed by police, Morrison became physically combative and started swinging her arms at and striking Paramedic Steryou numerous times. *Suiter Dec., ¶9; Steryou Dec., ¶8*. Even after Steryou directed Morrison to stop hitting him, she continued to swing at and strike him. *Suiter Dec., ¶10, Steryou Dec., ¶9*. Morrison testified in her deposition that she has no recollection of her conduct in the back of the rescue truck, and thus cannot deny that

she committed the aforementioned battery.[2] *Morrison Depo., pp. 102-03.*

12. As a consequence of Morrison repeatedly striking Steryou (a felony pursuant to §784.07, *Fla. Stat.*), Officer Hayashi (who had already cleared the area, leaving Morrison in capable hands of medical providers) was summoned to the Fire/Rescue vehicle and informed that Morrison had repeatedly battered a member of the rescue team. *Suiter Dec., ¶10; Hayashi Dec., ¶8.* Having received this information by the rescue team, Hayashi secured Morrison to the stretcher with handcuffs. *Hayashi Dec, ¶8; Suiter Dec., ¶10.*

13. Since Officer Hayashi was obligated to continue to patrol Downtown at the Gardens on his off duty detail, Officer Christopher Baez effected the arrest of Plaintiff for battery on a firefighter/paramedic, which was based upon a victim report by Paramedic Steryou. *Hayashi Dec., ¶9.* Officer Steryou completed and signed a sworn statement indicating his desire to prosecute. *Id. Steryou Dec., ¶9.* Fire Medic Steryou later accepted a letter of apology instead of having the State pursue the charges. *Id.; Morrison Depo., p.28.*

14. The City of Palm Beach Gardens was not presented with a statutory notice letter pursuant to Florida Statute §768.28 within three (3) years of the subject occurrence. *G. Wong Dec., attached to the Appendix at Tab 5.* Despite that Morrison resides in Palm Beach Gardens, the notice was deposited in the mail from Sebastian, FL on October 31, 2017 and thus was not timely presented to the City. *Id; Morrison Depo., p. 37.*

---

[2] Morrison's acknowledged wholesale lack of any recollection of significant events is certainly consistent with an alcohol-induced memory loss, or "blackout."

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of June, 2019, I electronically filed the foregoing document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class mail to any non CM/ECF participants and/or the foregoing document was served via transmission of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH,
 BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendants**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
johnson@jambg.com / young@jambg.com
alexander@jambg.com / blanca@jambg.com


BY: _/s/Scott D. Alexander_
     E.  BRUCE JOHNSON
     FLA. BAR NO. 262137
     SCOTT D. ALEXANDER
     FLA. BAR NO. 057207

**SERVICE LIST**

MARYANN MORRISON
**Pro Se Plaintiff**
2805 Veronia Drive, Unite 107
Palm Beach Gardens, FL 33410
Tel: 561-542-4356
mishue1248@gmail.com

**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com / young@jambg.com
alexander@jambg.com/ blanca@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)