UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE #: 9:18-cv-81473-DMM

MARYANN MORRISON,

      Plaintiff,

vs.

CITY OF PALM BEACH GARDENS, et al.

      Defendants.

_____/

## DEFENDANT, CITY OF PALM BEACH GARDENS' MOTION IN LIMINE AS TO DISPOSITION OF CRIMINAL CHARGES

Defendant, CITY OF PALM BEACH GARDENS, by and through its undersigned counsel, files this Motion in Limine as to the disposition of criminal charges, and states:

1.    Plaintiff has alleged that she was subjected to an unlawful detention for medical reasons, and her privacy invaded, when first responders entered a public bathroom Plaintiff was occupying and transported her for to the hospital.  In the process of being treated, Plaintiff committed a battery upon a Fire Medic (which she cannot recall, and therefore does not deny) and was arrested.

2.    Through negotiations with her criminal defense attorney, and subject to the agreement of City Fire Medic Steryou, Plaintiff was able to have felony charges dismissed against her in exchange for authoring a letter of apology to Steryou.  (D.E. 34, ¶13).  In spite of the fact that the dismissal of charges was negotiated, Defendant believes that Plaintiff may seek to rely upon the dismissal of charges as indicia that she was not guilty of the underlying misconduct for which she was charged, or that the first responders lacked a basis to take her for medical treatment against her

will.  The dismissal of charges though is irrelevant to any claim or issue in this case, and would only serve to confuse the issues, and should thus be excluded under Rule 401, 403 and 801, Fed.R.Evid.

3.        Due to Plaintiff's *pro se* status, and lacking a phone number, the undersigned was not able to confer with Plaintiff as to her position on this matter.

## MEMORANDUM OF LAW

Probable cause exists is an objective standard hinging upon circumstances known to an officer at the time of arrest.  State v. Outten, 206 So.2d 392 (Fla. 1968).  When the material facts are not in dispute, the existence of probable cause is purely a question of law.  City of Jacksonville v. Alexander, 487 So.2d 1144 (Fla. 1st DCA 1986); City of Pensacola v. Owens, 369 So.2d 328 (Fla. 1979); Florida Game & Freshwater Comm'n v. Dockery, 676 So.2d 471 (Fla. 1st DCA 1996).

Probable cause is not to be equated with the standard of conclusiveness needed to convict based upon circumstantial facts.  Sheff v. State, 301 So.2d 13 (Fla. 1st DCA 1974).  The Eleventh Circuit has noted that in determining whether probable cause exists, "we deal with probabilities . . . [which] are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."  Rankin v. Evans, 133 F. 3d 1425, 1435 (11th Cir. 1998) (citations omitted); Durruthy v. Pastor, 351 F.3d 1080 (11th Cir. 2003).  Indeed, probable cause is "judged not with clinical detachment but with a common sense view to the realities of normal life." Id. at 1436; see also, Lemus v. State, 158 So.2d 143 (Fla. 2d DCA 1963) (an officer need not eliminate all possible defenses in order to make a valid arrest because facts constituting probable cause need not meet the standard of conclusiveness needed to convict).  Importantly, as it relates to the issues here, probable cause is judged objectively ***from the standpoint of an officer on scene***, and ***does not consider any facts or information occurring or learned later*** (such as a prosecutor's or jury's decision on potential guilt), not known to the officer at the time of arrest.  United States v.

Chanthasouxat, 342 F.3d 1271 (11th Cir. 2003); Ornelas v. United States, 517 U.S. 690, 696, 116 S. Ct. 1657, 134 L. Ed. 2d 911 (1996); Hopkins v. City of Huntsville, 2014 U.S. Dist. LEXIS 153511, 50 (N.D. Ala. Oct. 29, 2014).

Courts throughout the country have uniformly held that the disposition of charges, and even whether criminal charges were filed in the first instance, is irrelevant to the issue of whether probable cause existed or excessive force was used. See, e.g., Payton v. Fike, 2010 U.S. Dist. LEXIS 110685, 2010 WL 4065601 at *3 (N.D. Ind. 2010); Redmond v. City of Chicago, 2008 U.S. Dist. LEXIS 14550, 2008 WL 539164 at *6 (N.D. Ill. 2008);  Borunda v. Richmond, 885 F.2d 1384 (9th Cir. 1988)("evidence of an acquittal is not generally admissible since it constitutes a 'negative sort of conclusion lodged in a finding of failure of the prosecution to sustain the burden of proof beyond a reasonable doubt.'"); Adams v. Szcerbinski, 329 Fed. Appx. 19, 23 (7th Cir. 2009); U.S. v. Gambino, 818 F.Supp. 536, 539 (E.D.N.Y. 1993)("evidence of a prior acquittal is not relevant because it does not prove innocence but rather merely indicates that the prior proceeding failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime") quoting, U.S. v. Kerley, 643 F.2d 299, 300-01 (5th Cir. 1981)); Maples v. Vollmer, 2013 U.S. Dist. LEXIS 55067 (D.N.M. 2013); Dunlap v. Fields, 2000 U.S. App. LEXIS 14498 at *5 (6th Cir. 2000); Windham v. City of Fairhope, 2014 U.S. Dist. LEXIS 66692 at *27 (S.D. Ala. 2014)("a veritable tsunami of authority has held that a jury's finding of not guilty of criminal charges cannot be deemed a conclusive determination that the underlying arrest lacked probable cause."); Allen v. City of New York, 480 F. Supp. 2d 689, 711 (S.D.N.Y. 2007)(the eventual disposition of a criminal charge is irrelevant to the probable cause determination for false arrest); Ahern v. City of Syracuse, 411 F. Supp. 2d 132 (N.D.N.Y 2006)(the probable cause inquiry is an objective one and the subjective beliefs or motivations of the arresting officer are irrelevant. In fact, the eventual disposition of the criminal

charges is irrelevant to the probable cause determination).

The Eleventh Circuit remains in accord with the District and Circuit courts throughout the nation.  In U.S. v. Howard, 373 Fed. Appx. 21 (11th Cir. 2010), the Eleventh Circuit followed the reasoning applied by the former Fifth Circuit in U.S. v. Kerley.  In affirming the disposition of a Motion in Limine in a criminal action, and the convictions themselves, the court held that evidence of prior acquittals, even if possibly relevant, are properly excluded from subsequent proceedings because the probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury under Rule 403, Fed.R.Evid.  See also, Foltz v. City of Largo, FL, 2011 U.S. Dist. LEXIS 100602 (M.D. Fla. 2011)(fact that charges against civil plaintiff were *nolle prosequi* is irrelevant to section 1983 excessive force claim); McGown v. Arnold, 2014 U.S. Dist. LEXIS 153706 (N.D. Ind. 2014)(outcome of criminal case irrelevant to whether excessive force was used since force is judged only by facts known at the time of arrest, not those presented in a later criminal proceeding); Wright v. Kelly, 1998 U.S. Dist. LEXIS 20424 (W.D.N.Y. 1998)(in civil false arrest and excessive force action, judgments of acquittal are inadmissible hearsay and excluded because the probative value is outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury).

In accordance with Federal Rules of Evidence 401, 403 and 801, the dropping of charges against Plaintiff by the Palm Beach County State Attorney's Office must be excluded from evidence in this case since it is irrelevant, unduly prejudicial, misleading, and inadmissible hearsay.

WHEREFORE, Defendant, City of Palm Beach Gardens, moves in limine as to the disposition of the criminal charges.

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 24th day of June, 2019, I electronically filed the foregoing

document with the Clerk of Court by using the CM/ECF system or by email to all parties. I further

certify that I either mailed the foregoing document and the Notice of Electronic Filing by first class

mail to any non CM/ECF participants and/or the foregoing document was served via transmission

of Notice of Electronic Filing generated by CM/ECF to any and all active CM/ECF participants.

JOHNSON, ANSELMO, MURDOCH,
 BURKE, PIPER & HOCHMAN, P.A.
**Attorneys for Defendants**
2455 East Sunrise Boulevard, Suite 1000
Fort Lauderdale, FL 33304
954/463-0100 Telephone
954/463-2444 Facsimile
johnson@jambg.com / young@jambg.com
alexander@jambg.com / blanca@jambg.com


BY: */s/Scott D. Alexander*
        E.  BRUCE JOHNSON
        FLA. BAR NO. 262137
        SCOTT D. ALEXANDER
        FLA. BAR NO. 057207

**SERVICE LIST**

MARYANN MORRISON
**Pro Se Plaintiff**
2805 Veronia Drive, Unite 107
Palm Beach Gardens, FL 33410
Tel: 561-542-4356
mishue1248@gmail.com

_____

**E. BRUCE JOHNSON, ESQ.**
**SCOTT D. ALEXANDER, ESQ.**
JOHNSON, ANSELMO, MURDOCH,
BURKE, PIPER & HOCHMAN, PA
**Attorneys for Defendants**
2455 E. Sunrise Blvd., Suite 1000
Fort Lauderdale, FL 33304
johnson@jambg.com / young@jambg.com
alexander@jambg.com/ blanca@jambg.com
(954) 463-0100 (Phone)
(954) 463-2444 (Fax)